# In the United States Court of Federal Claims

## OFFICE OF SPECIAL MASTERS

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

| | | |
|---|---|---|
| REGIS MCDONOUGH, | \* | |
| | \* | No. 12-621V |
| Petitioner, | \* | Special Master Christian J. Moran |
| | \* | |
| v. | \* | Filed: June 12, 2014 |
| | \* | |
| SECRETARY OF HEALTH | \* | Stipulation; Tetanus-Diptheria- |
| AND HUMAN SERVICES, | \* | acellular-Pertussis ("Tdap") vaccine; |
| | \* | sensory neuropathy; attorneys' fees |
| Respondent. | \* | and costs. |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

Jeffrey Golvash, Brennan, Robins, & Daley, P.C. Pittsburgh, PA, for Petitioner;
Jennifer Reynaud, U.S. Dep't of Justice, Washington, D.C., for Respondent.

## UNPUBLISHED DECISION[1]

On June 9, 2014, respondent filed a stipulation concerning the petition for compensation filed by Regis McDonough on September 20, 2012. In his petition, Mr. McDonough alleged that the Tetanus-Diphtheria-acellular Pertussis ("Tdap") vaccine, which is contained in the Vaccine Injury Table (the "Table"), 42 C.F.R. §100.3(a), and which he received on September 8, 2011, caused him to suffer sensory neuropathy. Petitioner further alleges that he experienced residual effects of this injury for more than six months. Petitioner represents that there has been no prior award or settlement of a civil action for damages on his behalf as a result of his condition.

Respondent denies that petitioner's alleged sensory neuropathy and residual effects were caused-in-fact by the Tdap vaccine. Respondent further denies that the Tdap vaccine caused petitioner any other injury or his current condition.

---

[1] The E-Government Act of 2002, Pub. L. No. 107-347, 116 Stat. 2899, 2913 (Dec. 17, 2002), requires that the Court post this decision on its website. Pursuant to Vaccine Rule 18(b), the parties have 14 days to file a motion proposing redaction of medical information or other information described in 42 U.S.C. § 300aa-12(d)(4). Any redactions ordered by the special master will appear in the document posted on the website.

Nevertheless, the parties agree to the joint stipulation, attached hereto as "Appendix A."

Respondent also filed a joint stipulation of fact concerning final attorneys' fees and costs on April 30, 2014. Prior to filing this stipulation, Mr. McDonough informally submitted a draft application for attorneys' fees and costs to respondent for review. Upon review of petitioner's application, respondent raised objections to certain items but did not find the total amount of fees and costs requested to be unreasonable. Mr. McDonough requested $14,291.51, in attorneys' fees and costs, an amount to which respondent does not object. Additionally, in compliance with General Order No. 9, Mr. McDonough states that he incurred $350.00 of out-of-pocket litigation expenses while pursuing this claim. The Court awards these amounts.

The undersigned finds said stipulations reasonable and adopts it as the decision of the Court in awarding damages and attorneys' fees and costs, on the terms set forth therein.

Compensation awarded in the stipulations includes:

**A. A lump sum of $9,000 in the form of a check payable to petitioner, Regis McDonough. This amount represents compensation for all damages that would be available under 42 U. S.C. § 300aa- 15(a).**

**B. A lump sum of $14,291.51 in the form of a check payable jointly to petitioner and petitioner's attorney, Jeffrey Golvash of the Brennan, Robins, & Daley, P.C. Law Firm, for attorneys' fees and costs available under 42 U.S.C. §300aa-15(e).**

**C. A lump sum of $350.00 in the form of a check payable to petitioner, Regis McDonough, for costs he incurred in pursuit of his petition.**

In the absence of a motion for review filed pursuant to RCFC, Appendix B, the clerk is directed to enter judgment in case 12-621V according to this decision and the attached stipulation.[2]

---

[2] Pursuant to Vaccine Rule 11(a), the parties can expedite entry of judgment by each party filing a notice renouncing the right to seek review by a United States Court of Federal Claims judge.

Any questions may be directed to my law clerk, Mary Holmes, at (202) 357-6353.

**IT IS SO ORDERED.**

s/Christian J. Moran
Christian J. Moran
Special Master

REGIS MCDONOUGH,

Petitioner,

v.

SECRETARY OF HEALTH AND
HUMAN SERVICES,

Respondent.

No. 12-621V
Special Master Moran
ECF

## STIPULATION

The parties hereby stipulate to the following matters:

1. Regis McDonough ("petitioner"), filed a petition for vaccine compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa-10 to 34 (the "Vaccine Program"). The petition seeks compensation for injuries allegedly related to petitioner's receipt of Tetanus-Diphtheria -acellular Pertussis ("Tdap") vaccine, which vaccine is contained in the Vaccine Injury Table (the "Table"), 42 C.F.R. § 100.3 (a).

2. Petitioner received his Tdap immunization on September 8, 2011.

3. The vaccine was administered within the United States.

4. Petitioner alleges that he sustained a vaccine-related injury diagnosed as sensory neuropathy that was caused-in-fact by the Tdap vaccine. He further alleges that he experienced the residual effects of his injury for more than six months.

5. Petitioner represents that there has been no prior award or settlement of a civil action for damages as a result of his condition.

1

6. Respondent denies that petitioner's alleged sensory neuropathy and residual effects were caused-in-fact by the Tdap vaccine. Respondent further denies that the Tdap vaccine caused petitioner any other injury or his current condition.

7. Maintaining their above-stated positions, the parties nevertheless now agree that the issues between them shall be settled and that a decision should be entered awarding the compensation described in paragraph 8 of this Stipulation.

8. As soon as practicable after an entry of judgment reflecting a decision consistent with the terms of this Stipulation, and after petitioner has filed an election to receive compensation pursuant to 42 U.S.C. § 300aa-21(a)(1), the Secretary of Health and Human Services will issue the following vaccine compensation payment:

> A lump sum of **$9,000.00** in the form of a check payable to petitioner. This amount represents compensation for all damages that would be available under 42 U.S.C. § 300aa-15(a).

9. As soon as practicable after the entry of judgment on entitlement in this case, and after petitioner has filed both a proper and timely election to receive compensation pursuant to 42 U.S.C. § 300aa-21(a)(1), and an application, the parties will submit to further proceedings before the special master to award reasonable attorneys' fees and costs incurred in proceeding upon this petition.

10. Petitioner and his attorney represent that compensation to be provided pursuant to this Stipulation is not for any items or services for which the Program is not primarily liable under 42 U.S.C. § 300aa-15(g), to the extent that payment has been made or can reasonably be expected to be made under any State compensation programs, insurance policies, Federal or State health

2

benefits programs (other than Title XIX of the Social Security Act (42 U.S.C. § 1396 et seq.)), or by entities that provide health services on a pre-paid basis.

11. Payments made pursuant to paragraphs 8 and 9 of this Stipulation will be made in accordance with 42 U.S.C. § 300aa-15(i), subject to the availability of sufficient statutory funds.

12. The parties and their attorneys further agree and stipulate that, except for any award for attorneys' fees, litigation costs, and past unreimbursable expenses, the money provided pursuant to this Stipulation will be used solely for the benefit of petitioner as contemplated by a strict construction of 42 U.S.C. § 300aa-15(a) and (d), and subject to the conditions of 42 U.S.C. § 300aa-15(g) and (h).

13. In return for the payments described in paragraphs 8 and 9, petitioner, in his individual capacity, and on behalf of his heirs, executors, administrators, successors or assigns, does forever irrevocably and unconditionally release, acquit and discharge the United States and the Secretary of Health and Human Services from any and all actions or causes of action (including agreements, judgments, claims, damages, loss of services, expenses and all demands of whatever kind or nature) that have been brought, could have been brought, or could be timely brought in the Court of Federal Claims, under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa-10 et seq., on account of, or in any way growing out of, any and all known or unknown, suspected or unsuspected personal injuries to or death of petitioner resulting from, or alleged to have resulted from a Tdap vaccination administered on September 8, 2011, as alleged by petitioner in a petition for vaccine compensation filed on or about September 20, 2012, in the United States Court of Federal Claims as petition No. 12-621V.

3

14. If petitioner should die prior to entry of judgment, this agreement shall be voidable upon proper notice to the Court on behalf of either or both of the parties.

15. If the special master fails to issue a decision in complete conformity with the terms of this Stipulation or if the Court of Federal Claims fails to enter judgment in conformity with a decision that is in complete conformity with the terms of this Stipulation, then the parties' settlement and this Stipulation shall be voidable at the sole discretion of either party.

16. This Stipulation expresses a full and complete negotiated settlement of liability and damages claimed under the National Childhood Vaccine Injury Act of 1986, as amended, except as otherwise noted in paragraph 9 above. There is absolutely no agreement on the part of the parties hereto to make any payment or to do any act or thing other than is herein expressly stated and clearly agreed to. The parties further agree and understand that the award described in this Stipulation may reflect a compromise of the parties' respective positions as to liability and/or amount of damages, and further, that a change in the nature of the injury or condition or in the items of compensation sought, is not grounds to modify or revise this agreement.

17. This Stipulation shall not be construed as an admission by the United States or the Secretary of Health and Human Services that the Tdap vaccine caused petitioner to suffer sensory neuropathy or any other injuries.

18. All rights and obligations of petitioner hereunder shall apply equally to petitioner's heirs, executors, administrators, successors, and/or assigns.

END OF STIPULATION

4

Respectfully submitted,

PETITIONER:

REGIS MCDONOUGH

ATTORNEY OF RECORD FOR
PETITIONER:

JEFFREY A. GOLVASH
BRENNAN, ROBINS & DALEY, P.C.
Fort Pitt Commons, Suite 500 200
Pittsburgh, PA   15219-1322
(412) 281-0776

AUTHORIZED REPRESENTATIVE
OF THE SECRETARY OF HEALTH
AND HUMAN SERVICES:

A. MELISSA HOUSTON, M.D., M.P.H, FAAP
Acting Director, Division of
Vaccine Injury Compensation (DVIC)
Acting Director, Countermeasures Injury
Compensation Program (CICP)
Healthcare Systems Bureau
U.S. Department of Health
and Human Services
5600 Fishers Lane
Parklawn Building, Mail Stop 11C-26
Rockville, MD 20857

AUTHORIZED REPRESENTATIVE
OF THE ATTORNEY GENERAL:

VINCENT J. MATANOSKI
Deputy Director
Torts Branch
Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, DC 20044-0146

ATTORNEY OF RECORD FOR
RESPONDENT:

JENNIFER L. REYNAUD
Trial Attorney
Torts Branch
Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, DC 20044-0146
(202) 305-1586

Dated: June 9, 2014